UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DARLENE ACKERMAN o/b/o
THE ESTATE OF HEATHER ACKERMAN                              PLAINTIFF

v.                          CIVIL ACTION NO. 3:17-CV-00630-DW *(E-FILED)*

NANCY A. BERRYHILL, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                              DEFENDANT

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to 42 U.S.C. §§ 405(g), 1383(c), Plaintiff, the estate of deceased claimant Heather Ackerman, seeks judicial review of a decision of the Commissioner of Social Security denying the claimant supplemental security income (SSI). For the reasons discussed below, Plaintiff's complaint should be dismissed because this Court lacks subject matter jurisdiction over the complaint and Plaintiff has not identified any final decision by the Commissioner subject to judicial review.

### STATEMENT OF THE CASE

On June 21, 2013, Heather Ackerman filed a claim for Title XVI supplemental security income benefits. (Exhibit 1) She *did not* file a claim for Title II disability insurance benefits. *Id*. Shortly after her administrative hearing, Ms. Ackerman died on October 24, 2015. (Exhibit 2) By letter dated November 25, 2015, the ALJ notified Heather Ackerman that he determined she was not disabled. (Exhibit 3) He enclosed his decision.

The claimant's attorney filed a request for review of the ALJ's decision with the agency's Appeals Council on January 26, 2016. (Exhibit 4) On February 25, 2016, the Appeals Council

sent a letter to claimant's attorney inquiring as to whether there was a qualified individual who wished to continue with the action. (Exhibit 5) On March 14, 2016, Plaintiff's attorney faxed Heather Ackerman's death certificate and a Request for Designation as a Qualified Individual in a Proceeding Pending Before the Appeals Council. The claimant's mother, Linda Ackerman, asked to be substituted on the record, but did not check the box stating that she was the parent of the deceased disabled or blind child who was living with the parent within 6 months immediately preceding the death. (Exhibit 6) The claimant was 41 years old at the time of her death. *Id.*

On April 29, 2016, the Appeals Council sent a letter to Plaintiff's attorney and next of kin stating that it had not received a response as to whether there was a qualified survivor and, therefore, was dismissing the request for review. (Exhibit 7) On August 8, 2017, Plaintiff's attorney sent a letter to the Appeals Council stating that he submitted documents in March 2016, and again in February 6, 2017, but had not received a response. (Exhibit 8)

On September 9, 2017, the Appeals Council sent Plaintiff's attorney a letter stating that it had dismissed the request for review of the ALJ's decision on April 29, 2016, and that the Council "has received your request and grant you time to file a civil action (ask for court review)." (Exhibit 9) The Appeals Council then gave Plaintiff's attorney 30 days to file a civil action. *Id.* On October 13, 2017, claimant's attorney filed the instant complaint on behalf of the "Estate of Heather Ackerman by Darlene Ackerman." (Document 1). The complaint alleges that Plaintiff is appealing the final administrative decision denying Heather Ackerman's claim as set forth in the Action of Appeals Council Request for Review dated April 29, 2016. *Id.*

**ARGUMENT**

I. **Plaintiff Lacks Standing to Contest the Agency's Denial of Heather Ackerman's Title XVI (SSI) Claim.**

    A. <u>Standard for Rule 12(b)(1) Motion to Dismiss.</u>

Subject matter jurisdiction is an essential element of a plaintiff's case. When a defendant challenges subject matter jurisdiction, the burden of proving jurisdiction is on the plaintiff. If the plaintiff fails to meet her burden, a motion to dismiss on jurisdictional grounds must be granted. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, this Court reviews the issue of subject matter jurisdiction differently than a motion to dismiss under Rule 12(b)(6). This Motion amounts to an attack on "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A Rule 12(b)(1) motion on the factual existence of subject matter jurisdiction is very different from a Rule 12(b)(6) motion, which requires the court to accept as true the allegations of a plaintiff's complaint.

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*RMI*, 78 F.3d at 1134 (quoting *Mortensen v. First Fed'l Savs. & Loan Ass'n*, 549 F.2d 884, 890-91 (3d Cir. 1977)).

B. <u>Standing Must Be Established in Any Case Before an Article III Court.</u>

This Court lacks subject matter jurisdiction because Plaintiff has not established standing, a prerequisite to this Court assuming power to adjudicate Plaintiff's claim. "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The issue is constitutional in nature: "whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Article III [of the Constitution]." *Id.* Indeed, standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Id.*

Standing includes three constitutional requirements: "a plaintiff must show: (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Am. Civil Liberties Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 645 (6th Cir. 2004) (quotations and citations omitted). In addition to the constitutional requirements, a plaintiff must also satisfy three "prudential" standing requirements: (1) a plaintiff must assert his own legal rights and interests, without resting the claim on the rights or interests of third parties; (2) the claim must not be a "generalized grievance" shared by a large class of citizens; and (3) in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999). "These additional restrictions enforce the principle that, as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Id.* (quotations and citation omitted).

Finally, "[s]tanding is not an affirmative defense that must be raised at risk of forfeiture. Instead, it is a qualifying hurdle that plaintiffs must satisfy even if raised *sua sponte* by the court." *Cmty. First Bank v. Nat'l Credit Union Admin.,* 41 F.3d 1050, 1053 (6th Cir. 1994). It cannot be waived by the parties. *Id.* Accordingly, a lawsuit cannot proceed if, at any time, a plaintiff lacks standing and, therefore, the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). "This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Campenella v. Commerce Exch. Bank*, 137 F. 3d 885, 890 (6th Cir. 1998). The legal requirements for establishing standing are strict, and under those standards, Plaintiff's complaint must be dismissed.

### C. Plaintiff Lacks Standing to Pursue Heather Ackerman's Claim for SSI Benefits

Even in the event that it is determined that Heather Ackerman was disabled—a point the Commissioner disputes—Plaintiff has not established that she meets the eligibility requirements to receive any benefits that could ultimately be awarded based on Heather Ackerman's SSI claim and, thus, lacks standing. SSI benefits that are owed to a deceased claimant are payable only to the claimant's "surviving spouse" or, in the case of a disabled or blind child, to a parent, if the child "was living with his parent or parents at the time of his death or within 6 months immediately preceding the month of such death." 42 U.S.C. § 1383(b)(1)(A); 20 C.F.R. § 416.542(b). Regulations governing SSI benefits further provide that "[n]o benefits may be paid to the estate of any unpaid recipient... or to any survivor other than those listed in paragraph (b)(1) through (3) of this section [eligible surviving spouse or parent]." 20 C.F.R. §

416.542(b)(4). Thus, only surviving spouses or, in some circumstances, parents of minor disabled children, may be awarded a deceased claimant's SSI unpaid benefits.

The complaint lists Plaintiff as "Estate of Heather Ackerman by Darlene Ackerman." Pursuant to Section 416.542(b)(4), Heather Ackerman's estate is ineligible to receive any SSI benefits that may be due to her. And, Plaintiff has not demonstrated that Heather Ackerman was attempting to obtain SSI benefits for any period in which she was a child. Indeed, Heather Ackerman was 41 years old at the time of her death. (Exhibit 2). In addition, Plaintiff has not shown that Heather Ackerman was married at the time of her death and, therefore, she did not have a "surviving spouse" under agency regulations. As such, Plaintiff has failed to establish that the estate or any qualified individual would be entitled to any SSI benefits that might have been due to Heather Ackerman. Consequently, Plaintiff has failed to establish that she meets both the prudential and constitutional requirements to have standing to seek judicial review of the denial of Heather Ackerman's SSI claim. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (noting that it must be likely that the plaintiff's injury-in-fact would be redressed by a favorable decision). Accordingly, this Court must dismiss Plaintiff's complaint. Fed. R. Civ. P. 12(h)(3); *see also Warth v. Seldin*, 422 U.S. 490, 501-502, 95 S.Ct. 2197, 2207 (U.S. 1975) ("If . . . the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed.").

**II.     This Court Also Lack's Jurisdiction Because Plaintiff Has Not Identified a Final Decision Subject to Review.**

Section 205(g) of the Social Security Act (Act), codified at 42 U.S.C. § 405(g), authorizes judicial review in cases arising under the Act. Those provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of

6

> the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Congress has thus explicitly stated that, in claims arising under the Act, judicial review is permitted only in accordance with section 405(g). Accordingly, section 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Act.

The term "final decision" is undefined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi,* 422 U.S. 749, 767, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The regulations provide that a "final decision" which is subject to judicial review is available only when a claimant has received an "initial determination" and has pursued that determination through the administrative appellate process. See 20 C.F.R. § 416.1400(a); *Califano v. Sanders,* 430 U.S. 99, 102, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Under the administrative appellate process, an individual claiming entitlement to benefits first receives an initial determination. *See* 20 C.F.R. § 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration, and then a hearing before an ALJ. *See* 20 C.F.R. §§ 416.1407, 416.1414. If dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. *See* 20 C.F.R. § 416.1467. The Appeals Council may (1) deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, (2) grant the request for review and issue its own final decision, or (3) dismiss the request for review. *See* 20 C.F.R. §§ 416.1471, 416.1481. In either of the first two situations, the claimant may seek judicial review of the Commissioner's final decision by filing an action in federal district court. *See* 20 C.F.R. § 416.1481. If, however, the Appeals Council dismisses the request for review, the dismissal "is binding and not subject to further review." *See* 20 C.F.R. §§ 416.1471, 416.1472.

This Court does not have jurisdiction to review Plaintiff's complaint. The complaint states that Heather Ackerman's estate is appealing the "final administrative decision," denying her SSI claim, as set forth in the Appeals Council Request for Review, dated April 29, 2016. However, the "Order of Appeals Council," dated April 29, 2016, did not "deny" Plaintiff's request for review, but rather the order "dismissed" the request for review entirely. (Exhibit 7) Indeed, the order indicated that the Appeals Council notified Plaintiff's representative and next of kin to inquire as to whether there was a survivor or other qualified person adversely affected who wished to proceed with the request for review. After receiving no response, the Appeals Council indicated that it was dismissing the request for review. *Id*. Therefore, pursuant to 20 C.F.R. § 416.1472, the Appeals Council's dismissal of Plaintiff's request for review is "binding and not subject to further review." Accordingly, this Court lacks jurisdiction to review Plaintiff's complaint.

On September 9, 2017, the Appeals Council inexplicably sent Plaintiff a letter acknowledging its previous dismissal order and indicating that it would grant Plaintiff 30 days to file a civil action in federal district court. (Exhibit 9). Plaintiff then filed the instant complaint, basing her appeal on the Agency's April 29, 2016 "Order of Appeals Council," which dismissed Plaintiff's request for review. (Document 1). While the agency indicated that Plaintiff could file a civil action in federal court, there was no final decision from which to appeal. Plaintiff's request for review was dismissed because Plaintiff's counsel did not provide evidence that there was a survivor or other qualified individual who was adversely affected by the agency's actions. (Exhibit 7); *See* 20 C.F.R. § 416.1471. Indeed, as discussed above, Plaintiff—the estate of Heather Ackerman—does not have standing to seek review before this

8

Court. Therefore, this Court should also dismiss this complaint because there is no final decision from which to appeal.

## CONCLUSION

For the reasons stated above, we respectfully request that this Court dismiss this suit in accordance with the provisions of Rule 12(b)(1) of the Federal Rules of Civil Procedure and 42 U.S.C. §§ 405(g), because this Court lacks jurisdiction to hear this case.

    Respectfully submitted,

    RUSSELL M. COLEMAN
    United States Attorney

    /s/ Regina S. Edwards
    Regina S. Edwards
    Assistant U.S. Attorney
    717 West Broadway
    Louisville, KY 40202
    (502) 625-7044
    (502) 625-7110 (fax)
    regina.edwards@usdoj.gov

Of Counsel for the Defendant:

KATHRYN CALDWELL
Regional Chief Counsel

Amy Baines
Assistant Regional Counsel
Office of the Regional Chief Counsel
200 West Adams Street, 30th Floor
Chicago, IL  60606
(877) 800-7578 x 19140

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Brian T. Canupp
Brian T. Canupp, PSC
322 Main Street
Paris, Kentucky 40361-2006

                                       /s/ Regina S. Edwards
                                       Regina S. Edwards
                                       Assistant U. S. Attorney
                                       717 W. Broadway
                                       Louisville, Kentucky 40202
                                       (502) 625-7044
                                       (502) 625-7110 (fax)
                                       regina.edwards@usdoj.gov