UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DARLENE ACKERMAN o/b/o
THE ESTATE OF HEATHER ACKERMAN                                PLAINTIFF

v.                                         CIVIL ACTION NO. 3:17-CV-00630-DW

NANCY A . BERRYHILL, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

**Memorandum Opinion**

This matter comes before the Court on the motion of the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration (Commissioner). The Commissioner requests pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure that the Court dismiss the complaint filed on the half of the Plaintiff Estate of Heather Ackerman (Estate) by her mother, Linda Darlene Ackerman, for lack of subject matter jurisdiction and for failure to identify a final decision of the Commissioner that is subject to judicial review. The Estate has responded to the motion to dismiss arguing that Ava Ackerman, the daughter of the late claimant, is entitled to her mother's unpaid SSI benefits, which were wrongly denied her due to the errant hearing decision of the ALJ (DN 12). The Commissioner has filed a reply in which she points out that Ava would only have been entitled to her mother's unpaid social security benefits if her mother had successfully applied for DIB not SSI. (DN 13). Because her mother Heather only applied for SSI benefits, the language of 42 U.S.C. 1383(b)(1)(A) and 20 C.F.R. 416.542(b)(4) absolutely preclude her estate from receiving unpaid SSI benefits.

1

We agree. Because the Estate lacks standing under 20 C.F.R. § 416.542(b), due to its ineligibility to receive any potential SSI benefits due the decedent, the Court shall recommend that the motion to dismiss for lack of subject matter jurisdiction be granted and that the complaint be dismissed with prejudice.

## I.

## The Material Facts

Heather Ackerman on June 21, 2013 filed an application for supplemental security income (SSI). At the time of her application, Ackerman, who was born on September 9, 1974 was a 38-year-old, never married female.[1] Unfortunately, Ackerman suffered a cerebrovascular incident and died on October 24, 2015 soon after ALJ Michael J. Nichols conducted the administrative hearing on her claim in late September 2015 .[2] Two months later, on November 25, 2015 ALJ Nichols rendered an adverse hearing decision that denied Ackerman's SSI claim.[3]

Heather's mother, Linda D. Ackerman, through her late daughter's counsel, Brian Canupp, filed a request for review of the hearing decision on January 26, 2016.[4] The Appeals Council sent a letter to attorney Canupp on February 25, 2016 requesting proof of the claimant's death, as well as, information as to whether a qualified individual under 20 C.F.R. § 416.1471(b) wished to continue the action.[5] Attached to the letter was the form entitled "Request For Designation As A Qualified Individual In A Proceeding Pending Before The Appeals Council."

---

[1] The application for SSI benefits alleges that Ackerman's disability began on May 6, 2006, but otherwise does not identify the alleged severe impairment(s) that she claimed prevented her from engaging in substantial gainful activity. Whether or not Ackerman's impairments justified a finding of disability is not germane to the issues raised by the motion to dismiss.
[2] (DN 8, Motion to Dismiss, Exhibit 2, Death Certificate).
[3] (Id., Exhibit 3, Notice of ALJ Decision).
[4] (Id., Exhibit 4, Request for Review of Hearing Decision).
[5] The letter continued to identify a "qualified individual" as being either: (1) a surviving eligible spouse; (2) any surviving spouse who had lived in the same household with the deceased claimant within six months immediately prior to death; or (3) the parent(s) of the deceased if the deceased was a disabled or blind child living with the parent(s) at the time of death or within six months preceding death.

On March 14, 2016, attorney Canupp transmitted to the Appeals Council a copy of the verified Kentucky Certificate of Death for Heather Ackerman along with a partially completed Request for Designation form in which Linda Ackerman asked to be designated as a substitute party in the claim of her deceased daughter.[6] Ackerman, however, did not complete that portion of the form that requested she indicate by checkmark which category of "qualifying individual" she satisfied. Further, the fax cover sheet sent from the law office of Canupp further provided that "Mrs. Linda Ackerman is the mother of the deceased. She is taking care of the deceased minor child and one that is 18 years old."[7]

On April 29, 2016 the Appeals Council entered an order that dismissed Ackerman's request for review.[8] The Appeals Council in its order explained that:

> On February 25, 2016, the Appeals Council [sent] notices to the representative and to the claimant's next of kin inquiring whether there was a survivor or other qualified person adversely affected who wishes to proceed with the request for review. The Appeals Council did not receive a response.

(DN 8, Exhibit 7, Order at p. 1). Accordingly, the SSA dismissed the request for review pursuant to 20 C.F.R. § 416.1471(b).

Attorney Canupp responded by letter to the Council on August 8, 2017 advising it that his office had sent the claimant's death certificate and her mother Linda Ackerman's request for designation, on February 2, 2016 and again on March 14, 2016.[9] The Appeals Council in response notified attorney Canupp on September 9, 2017 that it would extend the time in which to file a civil action for 30 days from the date of receipt of the September 9 letter.[10] On October 13, 2017, Linda "Darlene" Ackerman on behalf of the estate of her deceased daughter, Heather,

---

[6] (DN 8, Motion to Dismiss, Exhibit 6, Canupp correspondence of March 14, 2016 with attachments).
[7] (Id, Exhibit 6, Fax Cover Sheet).
[8] (DN 8, Motion to Dismiss, Exhibit 7, Order of Appeals Council).
[9] (Id., Exhibit 8,
[10] (DN 8, Motion to Dismiss, Exhibit 9, Appeals Council Letter of September 9, 2017)

filed the present action seeking review of the Appeals Council Order of Dismissal dated April 29, 2016.[11]

## II.

### Standing

Because the Commissioner has moved to dismiss the present action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on the absence of standing, the Plaintiff, as the party in opposition, "has the burden of proving subject matter jurisdiction." *Brott v. United States,* 858 F.3d 425, 428 (6th Cir. 2017). See also, *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1996)(same); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)(same). Until the question of subject matter jurisdiction is resolved, the District Court will not proceed to the merits. *Tenet v. Doe,* 544 U.S. 1, 6 n. 4 (2005).

Challenges to subject matter jurisdiction under Rule 12(b)(1) "come in two varieties: a facial attack or a factual attack." *Wayside Church v. Van Buren County*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6 Cir. 2012)). A facial attack on subject matter jurisdiction is one that "questions merely the sufficiency of the pleading." *Wayside Church*, 847 F.3d at 817(citing *Gentek Bldg. Prods, Inc. v. Sherman-Williams Co.,* 491 F.3d 320, 330 (6 Cir 2007)). In such situation, the District Court will take the allegations of the complaint as being true similar to a Rule 12(b)(6) motion to dismiss. *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990).

A factual attack on the other hand raises a factual controversy that requires the District Court to "weigh the conflicting evidence to arrive at the factual predicate that subject matter

---

[11] (DN 1, Complaint, p 1, ¶ 2).

4

[jurisdiction] does or does not exist." *Wayside Church*, 847 F.3d at 817 (citing *Gentek Bldg Prods*. 491 F.3d at 330). When the question of subject matter jurisdiction is resolved based upon findings of fact by the District Court, such findings will be upheld on review unless clearly erroneous. *Id*. (Citing *Ohio Nat'l Life Ins*., 922 F. 2d at 326).

Here, the challenge to the subject matter jurisdiction of the court is based upon standing. Standing is a constitutional requirement derived from the justiciable "case or controversy" language of Article III of the U.S. Constitution. *Hollingsworth v. Perry*, 570 U.S. 693 (2013). See *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 37 (1976). Article III requires that "any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth*, 570 U.S. at 702-03. *See also Daimler Chrysler Corp. vs. Cuno*, 547 U.S. 332, 342 (2006) ("The core component of the requirement that a litigant have standing to invoke the authority of a federal court is an essential and unchanging part of the case-or-controversy requirement of Article III.").

For a plaintiff to establish Article III standing, he or she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by favorable judicial decision." *Spokeo, Inc. v. Robbins*,___ U.S.___, 136 S.Ct. 1540, 1547 (2016). *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (discussing the constitutional requirements for standing). At the pleading stage of the proceedings, to carry her burden, plaintiff must "clearly… allege facts demonstrating each of the above constitutional elements." *Wharth v. Seldin,* 422 U.S. 490, 518 (1975); *American Civil Liberties Union of Ohio, Inc. v. Taft,* 385 F.3d 641, 645 (6th Cir. 2004).

In additional to the above constitutional requirements, standing also involves certain prudential requirements, as well. *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99,

5

(1979); *In re Dublin Securities, Inc.* 197 B.R. 66, 69-71 (S.D. Ohio Bkr. 1996). The Plaintiff also must persuade the court that she asserts her own legal rights, as opposed to those of nonparties, that her claim is sufficiently particular to her, and, in those actions based upon federal statute, that her claim or claims fall within the "zone of interest" governed by the statute at issue. *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999).

In other words, the Plaintiff must sufficiently allege "a distinct and palpable injury" to herself that is particularized, concrete and not abstract, conjectural or hypothetical. *See, City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983); *Wharth,* 422 U.S. at 501; *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916-17 (6 Cir. 2008*), cert. denied*, 555 U.S. 1137 (2009). This concrete injury must also be redressable by Plaintiff's legal action. *See, Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 771 (2000). *Lujan,* 504 US at 561 (a substantial likelihood must be shown that a favorable decision by the court will redress the Plaintiffs claimed injuries).[12]

### III.

### No Redress Available

The Commissioner argues in her motion to dismiss and her reply that the Plaintiff cannot show any possibility of recovery by way of the present action. The Commissioner explains that the Estate cannot show that it meets the eligibility requirements of 42 U.S.C. § 1383(b)(1)(A) as applied by 20 C.F.R. § 416.542(b)(4) to receive any possible SSI benefits that would have been

---

[12] The question of constitutional standing should not be confused with the question of statutory standing. See *Roberts v. Hamer*, 655 F. 3d 578, 580-81 (6th Cir. 2011). Statutory standing raises the question of whether a plaintiff has a cause of action under a particular statute. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 97 n. 2 (1998). This question is held to be analytically distinct from the question of whether a federal court has subject-matter jurisdiction to decide the merits of the case. *Davis v. Passman*, 442 U.S. 228, 239 n. 18 (1979). Here, we are concerned with standing as an element of subject matter jurisdiction.

awarded to Heather Ackerman, even assuming that the Court were to reverse the adverse decision of the Commissioner. Under 20 C.F.R. § 416.542(b) "no benefits may be paid to the estate of any unpaid recipient . . . or to any survivor other than those [individuals] listed in paragraph (b)(1) through (3) of this section [eligible surviving spouse or parent]." The same regulation then continues to provide that

> **(b) Underpaid recipient deceased—underpaid amount payable to survivor**.
>
> (1) If a recipient dies before we have paid all benefits due or before the recipient endorses the check for the correct payment, we may pay the amount due to the deceased recipient's surviving eligible spouse or to his or her surviving spouse who was living with the underpaid recipient within the meaning of section 202(i) of the Act (see § 404.347) in the month he or she died or within 6 months immediately preceding the month of death.
>
> (2) If the deceased underpaid recipient was a disabled or blind child when the underpayment occurred, the underpaid amount may be paid to the natural or adoptive parent(s) of the underpaid recipient who lived with the underpaid recipient in the month he or she died or within the 6 months preceding death. We consider the underpaid recipient to have been living with the natural or adoptive parent(s) in the period if the underpaid recipient satisfies the "living with" criteria we use when applying § 416.1165 or would have satisfied the criteria had his or her death not precluded the application of such criteria throughout a month.
>
> (3) If the deceased individual was living with his or her spouse within the meaning of section 202(i) of the Act in the month of death or within 6 months immediately preceding the month of death, and was also living with his or her natural or adoptive parent(s) in the month of death or within 6 months preceding the month of death, we will pay the parent(s) any SSI underpayment due the deceased individual for months he or she was a blind or disabled child and we will pay the spouse any SSI underpayment due the deceased individual for months he or she no longer met the definition of "child" as set forth at § 416.1856. If no parent(s) can be paid in such cases due to death or other reason, then we will pay the SSI underpayment due the deceased individual for months he or she was a blind or disabled child to the spouse.

20 C.F.R. § 416.542(b)(1)-(3).

The regulation next provides at subsection (b)(4) that **"no benefits may be paid to the estate of any underpaid recipient . . . or to any survivor other than those listed in paragraph (b)(1) through (3) of this section."** 20 C.F.R. § 416.542(b)(4)(emphasis added). Based on these provisions, the Commissioner correctly argues that the Estate cannot recover any potentially underpaid benefits, where Heather Ackerman left no surviving spouse and was herself not a blind or disabled child when the alleged underpayment occurred. As the Commissioner summarizes the matter, "only surviving spouses or, in some instances, parents of minor disabled children, may be awarded a deceased claimant's SSI unpaid benefits."[13]

Heather Ackerman was 41 years of age at the time of her death and had never married. These undisputed facts, along with the above regulation, remove any possibility that unpaid benefits could be recovered in the present action. Put otherwise, no possibility of relief exists for the Estate in this lawsuit. Because that is so, the Estate lacks standing such that the Court lacked subject matter jurisdiction to proceed on the sole claim raised.

This conclusion—that dismissal is required-- has been uniformly reached by a number of other federal district courts under similar circumstances. As the District Court for the Southern District of West Virginia has explained:

> As a preliminary matter, the Court notes that, regrettably, Plaintiff's decedent, Randy R. Shelton (hereinafter "Claimant"), passed away on October 21, 2011. (Docket No. 22). At the time of his death, Claimant was divorced, leaving behind an adult daughter and a minor son. (Id.). Title 42 U.S.C § 1383(b)(1)(A) provides that SSI benefits owed to a deceased claimant shall be payable only to the claimant's "surviving spouse" or, in the case of a disabled or blind child, to a parent, if the child "was living with his parent or parents at the time of his death or within 6 months immediately preceding the month of such death." Title 20 C.F.R. § 416.542(b)(1)(4) further states, inter alia, "No benefits may be paid to the estate of any unpaid recipient ... or to any survivor other than those listed in paragraph (b)(1) through (3) of this section [eligible surviving spouse or parent]." Inasmuch as Claimant was an adult and had no surviving spouse, his claim for SSI benefits extinguished upon his death. *See Fowler v. Astrue*, 2010 WL 454765

---

[13] (DN 8, Motion to Dismiss at pp. 5-6).

(M.D.Fla. Feb. 9, 2010), citing *Smith v. Califano*, 597 F.2d 152 (9th Cir.) ("finding plain language of then operative version of 42 U.S.C. § 1383(b) and its legislative history made clear that Congress did not intend that commissioner make posthumous underpayments of Title XVI or SSI benefits to anyone except eligible spouse"); *Wasilauskis v. Astrue*, 2009 WL 861492 (D.Me. Mar. 30, 2009) ("the law is clear that [plaintiff] does not meet statutory or regulatory criteria for entitlement to retroactive SSI benefits on account of her deceased son's claim"), citing *Dykes ex. rel. Brymer v. Barnhart*, 112 Fed. Appx. 463, 466 n. 4 (6th Cir.2004) ("noting, in passing, daughter of deceased claimant had conceded that SSI benefits, which were payable only to a surviving spouse, were not involved in appeal"); *Lang v. Astrue*, 2008 WL 4829946 *2 (S.D.N.Y. Nov. 5, 2008) ("Plaintiff is not entitled to seek review of the denial of [applicant's] claim to SSI benefits pursuant to 42 U.S.C. § 1383(b)(1)(A)(i), as Plaintiff is not [applicant's] surviving spouse."); *Agie v. Sullivan*, 1989 WL 281963 *2 (W.D.Pa. Dec. 18, 1989) (finding that nonpayment is the same as an underpayment; SSI benefits are only intended to provide for the needs of the eligible applicant and his surviving spouse); See, also, 70B Am.Jur.2d, Social Security and Medicare § 1852 (2011).

*Shelton v. Astrue*, No. 3:10-CV-01397, 2012 WL 242787, at *1 (S.D.W. Va. Jan. 25, 2012).

For other decisions with similar holdings, see *Massey v. Comm'r of Soc. Sec.*, No. 1:15-CV-744, 2016 WL 4987169, at *4 (S.D. Ohio Sept. 15, 2016), *aff'd sub nom. Massey on behalf of Ware v. Comm'r of Soc. Sec.*, No. 1:15CV744, 2017 WL 1047695 (S.D. Ohio Mar. 20, 2017) ("Ms. Massey is not entitled to seek retroactive SSI benefits based on the application of her deceased mother. SSI benefits that are owed to a deceased claimant are payable only to the claimant's "surviving spouse" or, in the case of a disabled or blind child, to a parent, if the child "was living with his parent or parents at the time of his death or within 6 months immediately preceding the month of such death." 42 U.S.C. § 1383(b)(1)(A). Regulations governing SSI benefits further provide that "[n]o benefits may be paid to the estate of any unpaid recipient... or to any survivor other than those listed in paragraph (b)(1) through (3) of this section [eligible surviving spouse or parent].")(Citing 20 C.F.R. § 416.542(b)(4)); *Cline v. Colvin*, No. 2:13-CV-23194, 2015 WL 1133631, at *12 (S.D.W. Va. Mar. 12, 2015)(" Pursuant to 42 U.S.C. § 1383(b)(1)(A)(i), SSI benefits owed to a deceased claimant shall be payable to a surviving

spouse of the claimant if the spouse was living in the same household at the time of claimant's death or within the six months immediately preceding the month of the death. *See also*, 20 C.F.R. § 416.542(b)(1) (2012). Claimant's husband passed away on June 15, 2011, and therefore, did not survive her. In the case of a disabled or blind child, benefits may also be payable to a parent, if the child was living with the parent at the time of his death or within the six months immediately preceding the death. 42 U.S.C. § 1383(b)(1)(A)(ii); 20 C.F.R. § 416.542(b)(2) (2012). Claimant was born in 1975, and therefore, was not a minor child when she passed away. Claimant's children do not qualify to receive benefits because 20 C.F.R. § 416.542(b)(4) prohibits payments to anyone other than a qualifying surviving spouse or qualifying parent. Accordingly, the undersigned finds that Claimant's Motion respecting her SSI claim must be dismissed with prejudice.").

## IV.

## Conclusion

Given the language of the controlling regulations and above-cited case law, the motion to dismiss is well taken.[14] The motion of the Commissioner to dismiss for want of subject matter jurisdiction will be granted and the complaint shall be dismissed with prejudice by separate order for the reasons set forth herein.

---

[14] The Commissioner also argues that the April 29, 2016 Order of the Appeals Council is not a "final decision" that may properly be appealed, given the language of 20 C.F.R. §§ 416.1471 and 416.1472, which provide that when the Appeals Council dismisses a request for review, rather than granting or denying the request, the dismissal "is binding and not subject to further review." *Id.* Plaintiff does not challenge this argument in her response; however, because the initial standing argument warrants dismissal we need not address this separate issue.